## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **JESSECA RUSSELL**, an individual,<br><br>          Plaintiff,<br><br>v.<br><br>**J&P FUSION LLC**, a Florida limited liability company, **JIANWEN FENG**, an individual, and **PENG HUI WU**, an individual,<br><br>          Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:25-cv-153**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.     This is an action for unpaid tip compensation, unlawful retaliation, unpaid wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA") and Florida common law.

1

## PARTIES

2.      The Plaintiff is an individual and resident of Florida who at all material times resided in Lee County, Florida and at all times had enterprise and individual coverage under the FLSA during her employment with the Defendant, **J&P FUSION, LLC** ("**J&P**"), which is owned by two individuals, Defendants **JIANWEN FENG** and **PENG HUI WU** (**J&P**, **FENG** and **WU** are collectively referred to as "Defendants"). Plaintiff was employed by the Defendants in Lee County, Florida. At all material times, Plaintiff was employed by the Defendants as a server. Plaintiff performed work for the Defendants in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. While performing services for the Defendants, Plaintiff was engaged in interstate commerce, including handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce, such as received and handled goods or materials from out-of-state sources, served interstate customers with products from out-of-state, and processing payments from the use of interstate wires or other modes of commerce. A great number of the customers Plaintiff served were residents of other states who visit Southwest Florida on only a seasonal basis or on vacation. Plaintiff continued the flow of interstate commerce by, *inter alia*, generating and processing billing, which

collected funds from out-of-state sources and banks and catering to seasonal visitors from out-of-state.

3.      The Defendant **J&P** is a Florida limited liability company and has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendants' employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as food and beverage provisions and equipment that are from out-of-state suppliers. Defendants collect monies, most of which is from out-of-state financial institutions. **J&P**, through **FENG** and **WU**, have the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendants supervised and controlled Plaintiff's work schedules and conditions of employment. Defendants maintain employment records of Plaintiff. Defendants' employees are engaged in interstate commerce as at least two of the Defendants' employees handled, sold, otherwise worked on goods or materials that have been moved in or produced for commerce. Plaintiff was engaged in interstate commerce because Plaintiff (and at least two employees of the Defendants) handled goods that were moving in interstate commerce, handled and processed credit card and banking transactions and unloaded goods which came from an out of state supplier.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs worked in, and the Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.     The Plaintiff began her employment with the Defendants in or about June 2023 and was employed as a server.

7.     A large part of the Plaintiff's pay was in the form of tips from customers.

8.     Under 29 U.S.C. 203(m)(2)(B), "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

9.    However, throughout her employment as a server with the Defendants, Plaintiff was required to share her tips with non-tipped employees such as managers and/or the house.

10.    The Defendants have developed a scheme to try to conceal their fraud by issuing employees like the Plaintiff pay records that reflect, for example, a payment of $700 when the Defendants in fact only paid the Plaintiff $400, thus keeping $300 for themselves.

11.    This practice occurred throughout her employment, and Plaintiff was not paid for all hours worked but instead was only paid a share of the tips collected.

12.    Throughout her employment, Plaintiff was required to pay for impermissible business expenses, such as walkouts, cash register shortages and credit card chargebacks.

13.    As a result of the above, the Defendants violated 29 U.S.C. 203(m)(2)(B).

14.    Because of the intentional withholding of Plaintiff's tips, Defendants willfully engaged in practices that denied Plaintiff her tips guaranteed to her under the FLSA.

15.    Plaintiff began lodging complaints to Defendants about these violations in January 2024, and thereafter was retaliated against.

16.    The Plaintiff continued to do so right up till the Defendants caused

the Plaintiff's separation from employment on May 20, 2024, as a result of her complaints.

## COUNT I: FAILURE TO PAY TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. 203(m)(2)(B)

17.     Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

18.     Defendants required Plaintiff to share tips with non-tipped employees, such as management and/or employer, and was required to pay for impermissible business expenses, such as walkouts, cash register shortages and credit card chargebacks.

19.     By failing to pay the Plaintiff all tips left by customers, the Defendants have violated 29 U.S.C. 203(m)(2)(B).

20.     As a direct and proximate result of the foregoing, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants as follows:

a.  Award to Plaintiff for payment of all tips;

b.  Award to Plaintiff liquidated damages equal to the payment of tips or, if liquidated damages are not awarded, then prejudgment interest;

c.  Award to Plaintiff reasonable attorneys' fees and costs; and

d.  Award such other and further relief as this Court may deem just and proper.

## COUNT II – FLSA RETALIATION

21.     Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

22.     At all material times, Plaintiff was an employee, and the Defendants were her employer.

23.     Plaintiff believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that the Defendants were violating the FLSA by not paying proper minimum wages.

24.     The Defendants were aware of Plaintiff's objection to the Defendants' violations of the FLSA.

25.     The Defendants subjected Plaintiff to adverse employment action – a discharge – following her statutorily protected conduct.

26.     The Defendants, in subjecting Plaintiff to adverse employment action, retaliated and discriminated against her because of her complaints, objections and concerns raised to the Defendants.

27.     As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, Plaintiff has lost the benefits and privileges of her employment and have been substantially and significantly injured in her career path that was anticipated from her employment.

28.    As a direct and proximate result of engaging in statutorily protected conduct as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, Plaintiff is entitled to all relief necessary to make her whole.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

ii.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had Plaintiff maintained her position with the Defendants, plus interest, including but not limited to lost salary and bonuses;

iii.    Liquidated damages;

iv.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

v.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

vi.    Reasonable attorney's fees plus costs;

vii.    Compensatory damages, and;

viii.    Such other relief as this Court shall deem appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: February 26, 2025   **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com